UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KENNETH DICKERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-2213 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

It has come to the Court's attention that at an earlier stage in this litigation, when this case was before now-Chief Judge Richard W. Roberts, the District had raised an issue whether some of the plaintiffs' state law claims might be foreclosed by their alleged failure to follow grievance procedures established by District of Columbia labor law. The District made this argument in its motion to dismiss the First Amended Complaint. See Dkt. No. 5 at 9-14. The District's motion was denied as moot in a Memorandum Order that also granted the plaintiffs leave to file a Second Amended Complaint. Dickerson v. Dist. of Columbia, 806 F. Supp. 2d 116, 121 (2011).

In that Memorandum Order, Judge Roberts deemed it "premature to conclude from this briefing that the plaintiffs failed to exhaust their administrative remedies." Id. The District has not raised this argument in its briefing on the currently pending motion to dismiss the Third Amended Complaint, although it has noted that "it does not waive such a defense, and reserves the right to raise it in a subsequent motion." See Reply [Dkt. No. 30] at 2 n.1.

The Court notes that these arguments, if correct, could deprive the Court of subject matter jurisdiction over at least some of the plaintiffs' state law claims. See Robinson v. Dist. of Columbia, 748 A.2d 409, 411 n.4 (D.C. 2000); see also Thompson v. Dist. of Columbia, 428 F.3d 283, 288 (D.C. Cir. 2005). Because a court may inquire *sua sponte* as to the presence of subject matter jurisdiction at any stage of the proceedings, the Court concludes that these issues should be considered in connection with the District's currently pending motion to dismiss. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation.") (citation omitted). But because the parties have not briefed this issue in their current motions papers, the Court believes they should be given the opportunity to do so before it decides the District's motion to dismiss. As oral argument is currently scheduled for November 21, 2013, this date must be postponed to provide the parties with sufficient time to brief the issue and for the Court to consider their arguments. Accordingly, it is hereby

ORDERED that the District shall file a supplemental memorandum of points and authorities addressing the viability of plaintiffs' state law claims, in light of District of Columbia labor law, on or before December 2, 2013. Alternatively, the District may file a notice stating that it rests on the arguments made in its Motion to Dismiss the Plaintiffs' First Amended Complaint [Dkt. No. 5] at pages 9-14; it is

FURTHER ORDERED that the plaintiffs shall file a supplemental memorandum of points and authorities addressing these issues on or before January 13, 2014; and it is

FURTHER ORDERED that the oral argument scheduled for November 21, 2013, is VACATED. After supplemental briefing on these issues has been completed, the Court will reschedule oral argument at an appropriate time.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 7, 2013